**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RICARDO PRADO ROJAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-686-G** |
| | ) | |
| **TODD BLANCHE, Attorney General of the United States, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

On April 1, 2026, Petitioner Ricardo Prado Rojas filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for preliminary review. Respondents filed an Answer (Doc. No. 8), to which Petitioner replied (Doc. No. 9).[1]

On July 13, 2026, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 10), recommending that the Petition be granted in part and Petitioner be granted an individualized bond hearing before an Immigration Judge or otherwise released. Respondents filed an Objection (Doc. No. 11) to the R. & R., and Petitioner responded (Doc. No. 12).

---

[1] The appearing Respondents are: Attorney General Blanche; Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS"); David Venturella, Acting Director of ICE; and Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Relevant Authorities*

Under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225 generally "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026) (internal quotation marks omitted). "In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).")).

Section 1225 provides in relevant part that, "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible . . . , the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). An individual detained as inadmissible upon inspection at the border can be paroled into the United States, however, "'for urgent humanitarian reasons or significant public benefit.'" *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). Such parole "shall not be regarded as an admission of the alien," "and when the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled."

8 U.S.C. § 1182(d)(5)(A). "[T]hereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

*II. Background*

Petitioner is a Cuban national who entered the United States on November 1, 2022. Pet. at 1; Doc. No. 1-2, at 1. Petitioner "approached Customs and Border Control" and requested political asylum. Pet. at 1. On that date, Petitioner was taken into custody by the Department of Homeland Security ("DHS") and placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). Pet. at 2; Doc. No. 1-2, at 1; *see* 8 U.S.C. § 1225(b)(1).

On November 4, 2022, DHS vacated the § 1225(b)(1) expedited removal order. *See* Doc. No. 1-2. DHS instead charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and issued a Notice to Appear. *See* Doc. Nos. 1-2, 1-3, 1-6. The Notice to Appear was later amended to additionally charge Petitioner as removable under 8 U.S.C. § 1882(a)(7)(A)(i)(I). Answer at 10; *id.* Ex. 3 (Doc. No. 10-3).

On November 5, 2022, Petitioner was released into the United States on his own recognizance pursuant to 8 U.S.C. § 1226. Pet. at 2; *see* Doc. No. 1-5. In 2023, Petitioner filed an I-589 application for asylum, which remains pending. *See* Pet. at 2; R. & R. at 2 & n.4.

Although as stated above Petitioner had been released on his own recognizance rather than paroled into the United States, on April 11, 2025, Petitioner received a form email informing him that DHS was "exercising its discretion to terminate [his] parole" under 8 U.S.C. § 1182(d)(5)(A) and requesting that he "depart the United States

immediately." Doc. No. 1-10, at 1 (emphasis omitted); R. & R. at 2-3. On March 17, 2026, DHS arrested Petitioner at his regular ICE check-in in Oklahoma City. Pet. at 3; Doc. No. 1-8. Petitioner remains detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 5.

In 2024, Petitioner sought a ruling from the Immigration Judge that his initial detention and parole were ordered pursuant to § 1225(b)(1) and § 1182(d)(5), respectively, and that DHS had unlawfully recharacterized them as being pursuant to § 1226(a). R. & R. at 3; *see* Doc. No. 8-5. Petitioner sought such a ruling so he could seek adjustment of status under the Cuban Adjustment Act. *See* Pet. at 2; Doc. No. 1-9; *see also* 8 U.S.C. § 1255. DHS opposed Petitioner's request, arguing that Petitioner's "release on [his] own recognizance was not parole under [§ 1182(d)(5)(A)]." Doc. No. 9-1, at 2. On April 23, 2026, the Immigration Judge ruled in favor of Petitioner, finding: "DHS granted [Petitioner] parole as a matter of law under [8 U.S.C. § 1182(d)(5)] when it released him days after placing him in expedited removal proceedings under [8 U.S.C. § 1225]." Doc. No. 8-6, at 5. The Immigration Judge further held that only the later-added charge under § 1182(a)(7)(A)(i)(I) on Petitioner's Notice to Appear would be sustained. *See id.*

Petitioner alleges he was taken into DHS custody without notice, cause, or changed conditions despite full compliance with his conditions of release. *See* Pet. at 3. Petitioner alleges that his arrest and continued detention violate ICE regulations, his due process rights under the Fifth Amendment, and the Administrative Procedure Act. *See* Pet. at 4, 7-14; R. & R. at 4.

*III. Discussion*

In their Answer, Respondents assert that, because Petitioner successfully argued to the Immigration Court that he should be considered "an arriving alien pursuant to 8 U.S.C. § 1225(b)(1) and paroled under 8 U.S.C. § 1182(d)(5)," Petitioner should be estopped from arguing to this Court "that his release is warranted under § 1226 and its operating regulations." Answer at 6-7, 11-12. Respondents further argue that Petitioner is lawfully detained pursuant to § 1225(b)(1) because he was previously on parole. *See id.* at 6-7, 9-10, 13-16 (citing 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 1.2).

In the R. & R., Judge Stephens first concluded that "neither party should be estopped from making legal arguments inconsistent with those it advanced before an IJ." R. & R. at 5-7. Judge Stephens further concluded that Petitioner's current detention is governed by § 1226(a), rather than § 1225(b)(1), and that Petitioner is therefore entitled to an individualized bond hearing before an IJ. *See id.* at 7-14 (citing *Santillan Quiroz*, 180 F.4th at 1237, 1239, 1240).

In their Objection, Respondents argue that the magistrate judge erred in both respects. *See* Resp'ts' Obj. at 2-10. More specifically, Respondents object that the IJ's finding that in 2022 Petitioner had been an "arriving" noncitizen subject to § 1225 is a "fact" that governs Petitioner's current re-detention and precludes him from obtaining a bond hearing under § 1226(a). *See id.*; Answer at 13 ("[A]n alien reverts to the status he possessed prior to the grant of parole, which . . . is that of an applicant for admission standing at the threshold of entry.").

"Although employing a de novo review," the undersigned "declines to engage in lengthy analysis" on this point. *Shamyrzaev v. Gantt*, No. CIV-26-1118-J, 2026 WL 2447156, at *2 (W.D. Okla. Aug. 20, 2026). Multiple judges of this Court, and "many others . . . nationwide," have rejected Respondents' argument, instead concluding "parole under 8 U.S.C. § 1182(d)(5) does not, by itself, revert [the petitioner's] status back to that of an arriving alien." *Id.*; *Bello Rodriguez*, 2026 WL 2364679, at *1 (internal quotation marks omitted); *accord Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026).

The Court concurs with these decisions, as § 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States *who have not been admitted or paroled*." *Rafibaev v. Noem*, No. 26-cv-00461, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (emphasis added) (internal quotation marks omitted). "Having determined that Petitioner's status does not revert to that of an arriving alien under § 1225(b)(1), Petitioner's re-detention is governed by 8 U.S.C. 1226(a)." *Bello Rodriguez*, 2026 WL 2364679, at *2; *accord Shamyrzaev*, 2026 WL 2447156, at *2 (finding detention of noncitizen who was "permitted to reside in the interior of the country several months past the expiration of his parole" and "complied with the conditions of his release before being re-detained" was "most naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of 8 U.S.C. § 1226(a)"). Accordingly, Petitioner "is due the process provided by § 1226(a), including an individualized bond hearing." *Sukuev*, 2026 WL 2323188, at *2; *see Santillan Quiroz*,

180 F.4th at 1237, 1251 n.13. Such entitlement to a hearing is not precluded by the IJ's previous determination, and Respondents' objection is overruled.[2]

*IV. Petitioner's Request for Attorney's Fees*

Petitioner also requests attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 14.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2.

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 10) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's INA claim.
2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.
3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's other claims, the remainder of the R. & R., or Respondents' additional objections. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 25th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge